# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/26/2022 04:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal, Deputy Clerk

Case 2:22-cv-01356-AFM Document 1-1 Filed 02/28/22 Page 2 of 9 Page ID #:5

22STLC00560

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NCB Management Services, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Bobby Whitaker

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Sup. Ct. of California, County of Los Angeles
(El nombre y dirección de la corte es):
Stanley Mosk Courthouse
111 N Hill St, Los Angeles, CA 90012

CASE NUMBER: (Número del Caso):
**22STLC00560**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David. J. McGlothlin; Gustavo Ponce; Kazerouni Law Group, APC, 245 Fischer Ave., Suite D1, Costa Mesa 92626

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 01/26/2022     Clerk, by G. Villarreal    , Deputy
(Fecha)                (Secretario)                 (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Case 2:22-cv-01356-AFM Document 1-1 Filed 02/28/22 Page 3 of 9 Page ID #:6

Electronically FILED by Superior Court of California, County of Los Angeles on 01/26/2022 04:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Villarreal, Deputy Clerk
22STLC00560

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Upinder Kalra

**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (PL-473446)
*(CA Provisionally Licensed)*
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Bobby Whitaker

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES- LIMITED CIVIL

BOBBY WHITAKER,

    Plaintiff,

vs.

NCB MANAGEMENT SERVICES, INC.,

    Defendant.

Case No.: 22STLC00560

**COMPLAINT FOR VIOLATIONS OF:**

(1) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.; AND**

(2) **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.**

**JURY TRIAL DEMANDED**

///
///
///
///
///
///
///

- 1 -
COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

4. Plaintiff BOBBY WHITAKER ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of NCB MANAGEMENT SERVICES, INC., ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

- 2 -
COMPLAINT.

1. Plaintiff, and this conduct caused Plaintiff damages.
5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.
6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.
7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.
8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.
9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to general jurisdiction.
11. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq.
12. Because Defendant conducts business within the State of California, personal jurisdiction is established.
13. Venue is proper under state law according to California Civil Procedure section 395 because Plaintiff both resides and was injured in this county. Furthermore, Defendant is subject to liabilities in the County of Los Angeles, State of California, where it willfully and knowingly engaged in debt collection communications with Plaintiff in violation of the Rosenthal Act.

## PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant is, and at all times mentioned herein was, a company registered and formed under the laws of the State of Pennsylvania with a primary place of business and/or headquarters is located at 1 Allied Dr Trevose, Ste 300, Trevose, PA 19053. Plaintiff further alleges, at all times relevant herein, Defendant conducted business in the State of California and in the County of Los Angeles.

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

18. Plaintiff is an individual residing within the County of Los Angeles, in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Sometime before December 2021, Plaintiff allegedly incurred financial obligations to the original creditor, Rise Credit, that were money, property, or their equivalent, (the "Debt") which were due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d), and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

21. Sometime thereafter, but before December 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

22. Afterwards, sometime before December 2021, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in attempt to collect upon the Debt.

23. On December 27, 2021, a cease and desist letter (the "C&D Letter") was sent to Defendant demanding that Defendant immediately stop contacting Plaintiff in any form other than in writing regarding the Debt or any other account held or serviced by Defendant.

24. Following Plaintiff's C&D Letter, Defendant persisted to call Plaintiff's telephone in attempt to collect on the alleged debt, including but not limited to calls placed by Defendant to Plaintiff on January 10, 2022. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c).

25. Defendant's calls to Plaintiff in connection with the attempted collection of the Debt were unsolicited and not in response to an inquiry from Plaintiff. Defendant's calls were neither made to advise Plaintiff that further debt collection efforts were being terminated, nor made to notify Plaintiff that Defendant could or would invoke a specified remedy. Instead, Defendant's calls aimed to collect Plaintiff's Debt without any permission from Plaintiff and after Defendant received Plaintiff's express written request that Defendant cease non-written communications regarding the Debt.

26. The abovementioned call from Defendant was a "communication(s)" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

27. Through the above conduct, Defendant violated 15 U.S.C. § 1692c(c) by persisting to contact Plaintiff by telephone after Plaintiff's C&D Letter. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

28. Through the above conduct, Defendant violated 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

29. Through the above conduct, Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

30. Through all the above-mentioned conduct, Defendant took action against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Specifically, Defendant has violated 15 U.S.C. §§ 1692c(c); 1692d; and 1692f. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17.

31. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered mental anguish by way of stress, frustration, and anxiety over the fact that Defendant continued its collection communications to Plaintiff despite receiving the C&D Letter requesting Defendant to cease and desist communication with Plaintiff.

### CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788, et seq. (RFDCPA)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

34. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, et seq. (FDCPA)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and
- any and all other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

38. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: January 26, 2022

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _____
DAVID J. MCGLOTHLIN, ESQ.
MONA AMINI, ESQ.
GUSTAVO PONCE, ESQ.
*Attorneys for Plaintiff*